IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR BASED FINANCIAL INSTRUMENT ANTITRUST LITIGATION | MDL 2262 (NRB) |
| ANNIE BELL ADAMS, DENNIS PAUL FOBES, LEIGH E. FOBES, MARGARET LAMBERT, and BETTY L. GUNTER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -versus- <br><br> BANK OF AMERICA CORP., BANK OF AMERICA, N.A., BARCLAYS BANK PLC, CITIGROUP, INC., CITIBANK N.A. COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CREDIT SUISSE GROUP, AG, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK PLC JPMORGAN CHASE & CO., CHASE BANK USA, N.A., LLOYDS BANKING GROUP PLC, ROYAL BANK OF CANADA, ROYAL BANK OF SCOTLAND and UBS AG, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 12 CIV. 7461 <br><br> ECF Case |

**PLAINTIFFS ANNIE BELL ADAMS, DENNIS PAUL FOBES, *et al.*, APPLICATION FOR INCLUSION INTO *IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION*, MDL NO. 2262**

On October 4, 2012, the Plaintiffs, Annie Bell Adams, Dennis Paul Fobes, Leigh E. Fobes, Margaret Lambert and Betty L. Gunter, ("Borrower-Plaintiffs") filed the above-captioned

action, 12 Civ. 7461, (the "Borrower-Plaintiff Action") asserting claims for violation of federal antitrust laws, RICO, the New York antitrust statute (the Donnelly Act), and state law claims, on behalf of a class of borrowers (the "Borrower-Plaintiff Class") whose interest rates were tied to the London Interbank Offered Rate ("LIBOR") relating to Defendants' illegal manipulation of LIBOR.  The Borrower-Plaintiffs allege that on or around the first day of each calendar month, the Defendants manipulated the U.S. Dollar LIBOR rate upwardly in order to raise the interest rates charged them on their adjustable rate mortgages.

Prior to the filing of the Borrower-Plaintiff Action, this Court issued an order, dated June 14, 2012, directing any plaintiffs wanting their action consolidated with *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. MDL 2262 (the "MDL Action") to make application detailing: (1) why the existing classes in the MDL Action do not cover the plaintffs' claims: (2) why inclusion of the plaintiffs' claims in the MDL Action would be appropriate [Dkt No. 152].  Pursuant to that order, the Borrower-Plaintiffs submit this application demonstrating that, as representatives of the Borrower-Plaintiff Class, they fulfill both requirements.

### A.   The Borrower-Plaintiffs Represent A Class Of Consumer Borrowers Whose Claims are not represented By An Existing Class

The Borrower-Plaintiffs represent a class of consumer borrowers who have executed LIBOR-based adjustable rate promissory notes which are secured by mortgages on their residences and who suffered losses in the form of increased interest rates as a result of illegal manipulation of LIBOR.  *See* Class Action Complaint in the Borrower-Plaintiff Action (Doc. 1), at ¶¶ 1, 5, 101, 104.  The Borrower-Plaintiffs are not represented by any of the other classes in the MDL Action.

The representative plaintiffs and their classes currently in or seeking inclusion in the MDL Action are as follows:

1. *Mayor and City Council of Baltimore, et al*., (the "Over-the-Counter Class"); those who purchased directly from a Defendant any dollar-denominated debt security where the interest rate was linked to LIBOR.

2. *Metzler Investments GmbH, et al*., (the "Exchange-Based Class"); those "that transacted in Eurodollar futures and options on Eurodollar futures on exchanges."

3. *Ellen Gelboim, et al*., (the "Corporate Bond Group Class"); those who owned (including beneficially) any U.S. Dollar-denominated debt security where interest was payable at a rate linked to U.S. Dollar LIBOR rate.

4. *Community Bank & Trust* (the "Community Bank Class"); all Community Banks that issued loans for which the interest rates were tied to the U.S. Dollar LIBOR rate.

5. *The Berkshire Bank*; all banks and savings and loan institutions in the state of New York that originated loans with interest rates tied to U.S. Dollar LIBOR.

6. *33-35 Green Pond Road Associates, LLC*; those who purchased U.S. Dollar LIBOR-based derivatives from non-Defendant commercial banks in the United States.

7. *Elizabeth Lieberman, et al*., (the "Preferred Securities Class")(Proposed); those who owned equity securities on which the dividends were tied to LIBOR.

Each of the above noted classes are classes of **creditors** who owned or purchased a LIBOR-based financial instruments:

- ◆ owners of LIBOR-based Eurodollars futures and options;
- ◆ owners of LIBOR-based debt instruments;

- owners of LIBOR-based derivative instruments;
- owners of LIBOR-based instruments purchased over the counter and directly, and/or;
- banks that issued, originated, or purchased LIBOR-based loans.
- owners of preferred equities on which the dividends were tied to LIBOR.

By contrast, the Borrower-Plaintiffs in the instant case seek to represent a class of debtors or persons who borrowed money and whose interest rates are/were set by LIBOR-based instruments. Most telling, if all the pending classes were to successfully prosecute their claims to judgment, there would be no recovery for the Borrower-Plaintiffs.

Accordingly, the claims of the Borrower-Plaintiffs are not represented by an existing class in the MDL Action.

**B.   Inclusion Of The Borrower-Plaintiffs' Action With The MDL Action is Appropriate**

The claims in the Borrower-Plaintiff Action arise from the same illegal conduct, the same conspiracy to manipulate USD LIBOR, as alleged in the other MDL cases, and the same questions of fact are at issue.

Inclusion of the Borrower-Plaintiff Class in the MDL Action will not cause any delay or hindrance in these proceedings. The Borrower-Plaintiff Class can readily be coordinated with the existing schedule of the other actions.

Although there are certain distinct factual issues in the Borrower-Plaintiff Action, those facts can be determined from substantially the same discovery as the facts in the other cases.

Accordingly, consolidation of the Borrower-Plaintff Action with the MDL Action will minimize the burden of separate discovery and briefing in, and allow coordination of, the various actions in the MDL Action.

## CONCLUSION

For the foregoing reasons, the Borrower-Plaintiff Action should be consolidated with the MDL Action.

Dated: October 14, 2012

                Respectfully submitted,

                */s/ Stephen G. Stim*
                STEPHEN G. STIM
                5A Frost Mill Road
                Mill Neck, NY  11765
                (516) 477-2550
                stimconsul@aol.com

John Walter Sharbrough, III (Motion for Admission PHV filed)
Lead Counsel
JOHN W. SHARBROUGH, III, P.C.
114 Eaton Square
Mobile, AL  36608-1936
Tel:     (251) 432-1413
Direct: (251) 432-1441
Fax:    (251) 432-5297
john@sharbroughlaw.com

John R. Cox (To be admitted PHV)
John R. Cox, PLLC
P.O. Box 3075
Daphne, AL 36526
Tel:    (251) 517-4753
Fax:    (888)640-0720
jrc@jrcoxlaw.com

## CERTIFICATE OF SERVICE

Borrower-Plaintiffs' Application for Inclusion into MDL-Page 5

I hearby certify that on October 14, 2012, I filed the foregoing Applicationn for Inclusion in the MDL pursuant to Court's June 14, 2012 Orders with the Clerk of the Court using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

*/s/Stephen G. Stim*
Stephen G. Stim
